WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA  2955-0
Union Plaza
1136 Union Mall, Suite 402
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:  (808) 528-8881
e-mail:  aikeda@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS (**Pension Fund** by its Trustees, Randall Ching, Cedric Ota, Claude C. Matsumoto, Anacleto Alcantara, Leonard Leong, Alan Shintani, Fred Lau, Karl Kamada, Mark Matsumoto, Peter Ganaban, Joby North II, Alfonso Oliver, Pete Lindsey, Richard Nishie, and Narsi Ganaban; **Health & Welfare Fund** by its Trustees, Russell Nonaka, Anacleto Alcantara, Ron Prescott, Mark Tagami, Mark Tamashiro, Alfonso Oliver, Mark Matsumoto, Peter Ganaban, Joby North II, and Richard Nishie; **Annuity Fund** by its Trustees, Ryan Wada, Clay Asato, Anacleto Alcantara, Craig Nakanishi, Audrey Hidano, Mark | CIVIL NO. _____<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBIT "A"; SUMMONS** |

Matsumoto, Alfonso Oliver, Joby )
North II, and Richard Nishie; )
**Laborers' and Employers'** )
**Cooperation and Education** )
**Trust Fund (LECET)** by its )
Trustees, Kenneth Kobatake, )
Leonard Dempsey, Mark )
Tamashiro, Deron Matsuoka, )
Peter Ganaban, Mark )
Matsumoto, and Alfonso Oliver; )
**Apprenticeship and Training** )
**Fund** by its Trustees, Stephen )
Yoshida, Van Goto, Scott I. Higa, )
Leonard Leong, Francis Pascual, )
Peter Ganaban, Mark )
Matsomoto, Alfonso Oliver, and )
Alvis McCann; **Vacation &** )
**Holiday Fund by its Trustees**, )
Burt Watanabe, Kyle Nakamura, )
Anacleto Alcantara, Alfonso )
Oliver, Joby North II, Mark )
Matsumoto, and Peter Ganaban), )
)
Plaintiffs, )
)
vs. )
)
PACIFIC ISLAND CHEMICALS )
CORPORATION, dba TESTRON )
HAWAII, a Hawaii corporation, )
)
Defendant. )
_____ )

(130223/950361) COMPLAINT

2

## COMPLAINT FOR SPECIFIC
## PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendant above-named alleges and avers as follows:

### FIRST CAUSE OF ACTION
### (SPECIFIC PERFORMANCE)

1.    Plaintiffs are the Trustees of the Hawaii Laborers' Trust Funds which consist of the Hawaii Laborers' Health & Welfare Trust Fund, Hawaii Laborers' Pension Trust Fund, Hawaii Laborers' Apprenticeship and Training Trust Fund, Hawaii Laborers' Vacation & Holiday Trust Fund, Hawaii Laborers' Annuity Trust Fund, and Hawaii Laborers and Employers' Cooperative and Education Trust Fund (hereafter "Trust Funds").

2.    This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

DOCSNT\LBT368A\130223\950361.v1-1/11/18

3.     At all times material herein, each of the above-named Trust Funds (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4.     Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant PACIFIC ISLAND CHEMICALS CORPORATION, dba TESTRON HAWAII (hereinafter "Defendant" or "Defendant TESTRON"), was, and is now, a Hawaii corporation, doing business in the State of Hawaii.

5.     On or about March 27, 2015, Defendant, by and through its Vice President/Director, Robert Patterson, made, executed and delivered to the Laborers' International Union of North America, Local 368, AFL-CIO (hereinafter "Laborers' Union"), that certain

4

written collective bargaining agreement, entitled "EXHIBIT "G" CERTIFICATION OF RECEIPT AND ACCEPTANCE, LABOR AGREEMENT COVERING CONSTRUCTION MASONRY LABORERS IN THE STATE OF HAWAII AND AGREEMENTS AND DECLARATION OF TRUST APPURTENANT HERETO" (hereinafter "Agreement") covering Defendant's laborers in the State Of Hawaii. A true copy of said Agreement is attached hereto as Exhibit "A", and is incorporated herein by reference. Said Agreement by its terms incorporated the various Trust Agreements establishing each of Plaintiffs' trusts. By said agreement(s), Defendant promised to contribute and pay to the Trust Funds (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after September 1, 2014.

6. By said agreement(s), Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said

DOCSNT\LBT368A\130223\950361.v1-1/11/18

agreement(s), commencing on and after September 1, 2014, to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

7.   By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

8.   By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-

6

mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

9.   By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

10.   By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

11.   Plaintiffs have notified Defendant and have demanded that said Defendant submit timely payments and reports, but said Defendant has failed, neglected and refused to do so.

12.   Defendant now continues to fail, neglect and refuse to submit timely payments and reports, and unless ordered to specifically perform the agreement(s) to submit timely payments and reports, Defendant will continue to fail, neglect and refuse to submit timely payments and reports.  Plaintiffs have no plain,

7

speedy and adequate remedy at law in that the reports must be prepared by Defendant and said Defendant's continued refusal to submit timely payments and reports will give rise to a multiplicity of suits unless said Defendant is ordered to submit timely payments and reports pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## (ASSUMPSIT AND DAMAGES)

13.   Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 12 of the First Cause of Action hereinabove set forth.

14.   By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee.  Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

15.   Defendant's current known delinquencies to the Plaintiffs are as follows:

DOCSNT\LBT368A\130223\950361.v1-1/11/18

1. Contributions(10/14 – 8/17 Audit):         $58,311.93

2. Liquidated Damages (10/14 - 8/17 Audit
   & 9/16, 12/16 & 1/17 Reports):            $23,573.93

3. Interest, through 12/31/17
   ($19.20 per diem):                        $  6,359.29
                                Total:       $88,244.54

plus attorneys' fees and costs, for said audit and report periods,

plus additional interest accruing from December 31, 2017 at $19.20

per diem.

16.   Defendant may owe Plaintiffs additional monetary

payments for Defendant's covered employees, the amount of which

is unknown at this time.  If such moneys are owed, said amounts,

together with liquidated damages as provided in said agreement(s),

are presently due and owing and have not been paid.

17.   Defendant's obligations to Plaintiffs, pursuant to said

agreement(s), to make contributions are continuing obligations and

Defendant may accrue and owe additional amounts plus liquidated

damages up to the time of trial or proof.

18.   At all times herein mentioned, it was, and now is,

impracticable and extremely difficult to fix the amount of actual

damages to Plaintiffs as a result of the non-payment of said

DOCSNT\LBT368A\130223\950361.v1-1/11/18

contributions.  The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Plaintiffs by the non-payment of said contributions.

19.   By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

20.   By virtue of the foregoing, Plaintiffs have been damaged in the amount of $88,244.54, plus interest at $19.20 per diem from December 31, 2017, and such additional amounts as may be proven at trial of hearing on proof.

21.   It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant PACIFIC ISLAND CHEMICALS CORPORATION, dba

10

TESTRON HAWAII, a Hawaii corporation ("Defendant"), as to the First and Second Causes of Action hereinabove set forth, as follows:

1.      That the Court orders Defendant to submit timely reports and payments in accordance with said agreement(s).

2.      That the Court orders Defendant to permit Plaintiffs to audit its payroll books and records for the period of September 2017 through the present in accordance with said agreement(s).

3.      That the Court awards to Plaintiffs and against Defendant such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4.      That the Court awards to Plaintiffs and against Defendant interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s).  29 U.S.C. § 1132(g).

DOCSNT\LBT368A\130223\950361.v1-1/11/18

5.     That the Court orders and compels Defendant to furnish to each of the six (6) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions of $5,000.00, whichever is greater.

6.     That the Court awards the Plaintiffs and against the Defendant the sum of $58,311.93 in known October 2014 – August 2017 audit contributions plus interest on said audit contributions at the rate prescribed under the agreement(s) of twelve percent (12%) in the minimum amount of $6,359.29 through December 31, 2017 and at $19.20 per diem thereafter.

7.     That the Court awards the Plaintiffs and against the Defendant liquidated damages for the October 2014 – August 2017 audit, and September 2016, December 2016 and January 2017 reports, as provided in said agreement(s) of $23,573.93; or an amount equal to interest (computed at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater.  29 U.S.C § 1132(g).

8.   That the Court awards the Plaintiffs and against the Defendant such additional amounts, including, but not limited to, liquidated damages, interest (12%) on any additional report or audit contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

9.   That the Court awards the Plaintiffs and against the Defendant all collection costs, costs of court and reasonable attorneys' fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

10.   That the Court orders and awards any further and additional relief as the Court deems proper.

DATED:   Honolulu, Hawaii, _January 12_, 2018.

WEINBERG, ROGER & ROSENFELD

_____
ASHLEY K. IKEDA
Attorney for Plaintiffs
TRUSTEES OF THE HAWAII
LABORERS' TRUST FUNDS

13